# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD C. DORNIN, JR., | |
| Petitioner, | 2:15-cv-01007-RFB-NJK |
| vs. | **ORDER** |
| JOE LOMBARDO, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee. Petitioner apparently seeks relief from this court with respect to a criminal proceeding in the Eighth Judicial District Court for Nevada, wherein he has entered a guilty plea and either awaits sentencing or has just recently been sentenced. On initial review, it appears that the claims in his petition are wholly unexhausted and that the petition is barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner therefore must show cause in writing why the petition should not be dismissed without prejudice.

### *Background*

According to his petition, Donald C. Dornin, Jr., was arrested by the Las Vegas police on October 31, 2013, and charged with battery constituting domestic violence and child abuse. He claims that he was arrested without probable cause, which violated his Fourth Amendment right to be free of unreasonable searches and seizures. He also claims that, on May 23, 2014, he was arrested on a felony warrant, again in violation of his rights under the Fourth Amendment. He further indicates that he has

entered a guilty plea to a charge of battery with substantial bodily harm, a category C felony, and (as of the date he submitted his petition) he has yet to be sentenced.

Alleging the two Fourth Amendment claims as grounds for relief, Dornin asks this court to grant him a writ of habeas corpus with respect to his pending state criminal proceedings. It appears that petitioner has not pursued either of his claims in the state courts through to a decision on the merits by the state supreme court.

## ***Discussion***

*Exhaustion*

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[1]

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon

---

[1] *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, it appears impossible that petitioner has fairly presented any of his habeas claims challenging the state criminal proceeding in an appropriate proceeding where the claims were decided on the merits by the state supreme court. In that event, the petition therefore is entirely unexhausted as to any cognizable federal habeas claims. Petitioner must show cause why the petition should not be dismissed without prejudice for complete lack of exhaustion.

*Younger Abstention*

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint is separate from the exhaustion doctrine and is ultimately grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Our reading of *Younger v. Harris* convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

Petitioner therefore must show cause why the petition, even if *arguendo* exhausted, should not be dismissed without prejudice under the *Younger* abstention doctrine.

. . .

3

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **file** the petition.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why: (a) the petition should not be dismissed without prejudice for lack of exhaustion; and (b) the petition should not be dismissed without prejudice based upon the *Younger* abstention doctrine.

**IT FURTHER IS ORDERED** that, if petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice.[2]

**No extension of time will be granted to respond to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in a pending prosecution.**

Dated this 6th day of August, 2015.

_____
**RICHARD F. BOULWARE, II**
UNITED STATES DISTRICT JUDGE

---

[2] The court has not completed initial review herein as to other potential issues, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.