# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD C. DORNIN, JR.,

    Petitioner,

vs.

JOE LOMBARDO, *et al.*,

    Respondents.

2:15-cv-01007-RFB-NJK

**AMENDED ORDER**

    This is a habeas corpus proceeding in which the Court entered an order directing petitioner Dornin to show cause why this action should not be dismissed without prejudice for lack of exhaustion or under the *Younger* abstention doctrine. ECF No. 4. Dornin filed his response to that order. ECF No. 6. For reasons that follow, the Court shall dismiss this action without prejudice.

    Dornin asks this Court to grant him habeas relief with respect to his pending state criminal proceedings. He claims that he was arrested without probable cause, which violated his Fourth Amendment right to be free of unreasonable searches and seizures. He also claims that he was arrested on a felony warrant, also in violation of his rights under the Fourth Amendment. It appears that, as of the date he filed his petition, Dornin had yet to be sentenced or to pursue either of his claims in the state courts through to a decision on the merits by the state supreme court.

As a general rule, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint is separate from the exhaustion doctrine and is ultimately grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Our reading of *Younger v. Harris* convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

*Younger* abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury. *See Younger*, 401 U.S. at 45–46, 53–54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction). "[A]bstention is inappropriate if bad faith prosecution or harassment is present, or where a statute is flagrantly and patently violative of constitutional prohibitions." *Lebbos v. Judges of Superior Court, Santa Clara County*, 883 F.2d 810, 814 (9th Cir.1989).

Dornin claims that his former appointed counsel stood in the way of having his constitutional claims heard in state court, but makes no such representation with respect to his subsequently-appointed counsel. He has not made a showing that his constitutional claims cannot be a addressed in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").

Dornin claims there is "great and immediate danger of irreparable injury," but he does not specify the nature of that injury. The "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [can]not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46.

Similarly, he claims that the State's charges against him have been "brought in bad faith with the intent to harass," but provides no supporting facts or evidence other than a claim that a prior investigation by Child Protective Services was determined to be unsubstantiated and that the prosecutor filed an erroneous notice of intent to seek habitual criminal status. Even if true, this is not the type of prosecutorial misconduct that calls for an exception to the *Younger* abstention doctrine. For example, an exception might be appropriate where repeated meritless prosecutions are instituted or threatened solely to harass one or more defendants or to chill their exercise of a constitutional right through fear of prosecution. *See Younger*, 401 U.S. at 47-49. Whereas allegations, like Dornin's, that the State has merely been overzealous in bringing criminal charges is not sufficient to warrant federal court intervention. *See Carden*, 626 F.3d at 84 (finding no special circumstances where the petitioners contended that the prosecution had harassed them by charging them with nineteen counts when only six were required, and had caused deliberate delay by using the state judge disqualification statute for tactical purposes).

In summary, the Court does not find that there are extraordinary circumstances in this case warranting intervention in the state court criminal proceeding. Dornin may seek whatever federal habeas relief is legally appropriate upon the completion of his state criminal case, including his pursuit of direct appeals and state habeas proceedings.

**IT IS THEREFORE ORDERED** that petitioner's petition for writ of habeas corpus (ECF No. 5) is DISMISSED without prejudice on abstention grounds. The Clerk shall **enter** judgment accordingly.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

DATED this 11th day of January, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE